**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**JAMES R. KNOWLTON and
KATHERINE D. KNOWLTON**                                                    **PLAINTIFFS**

VS.                          CASE NO.: 4:09-CV-0461 BSM

**DAVID H. ARRINGTON OIL AND GAS, INC.**                          **DEFENDANT**

<u>**ORDER**</u>

Plaintiffs James R. Knowlton and Katherine D. Knowlton ("the Knowltons") move for partial summary judgment (Doc. Nos. 11, 36) and defendant David H. Arrington Oil ("Arrington") responds and cross-moves for summary judgment (Doc. No. 21). For the reasons set forth below, both motions are denied.

I. FACTS

On August 18, 2006, the Knowltons signed an Oil and Gas Lease (the "Lease"), an Addendum to the Oil and Gas Lease (the "Addendum"), and a Memorandum Giving Notice of the Oil and Gas Lease (the "Memorandum"), and gave them back to the defendants. Attached as Exhibits 2, 4, and 5 to Defendant's statement of material facts in response to plaintiffs' statement of undisputed facts ("Deft.'s stmt. of facts") (Doc. No. 23). The Lease is entitled "OIL AND GAS LEASE (PAID UP)" and it states, in pertinent part:

> THIS AGREEMENT is made and entered into on this 18th day of August, 2008 (the effective date hereof) between James R. Knowlton and Katherine D. Knowlton, Husband and Wife, whose address is: 13200 Willow Beach, N. Littlerock, AR 72117, hereinafter called Lessor (whether one or more), and David H. Arrington Oil & Gas Inc., P.O. Box 2071, Midland, Texas 79702, hereinafter called Lessee.

Witnesseth: That the said Lessor, for and inconsideration of a cash bonus in hand paid, the receipt of which is hereby acknowledged, and of the covenants and agreements hereinafter contained on the part of Lessee to be paid, kept, and performed, has GRANTED, DEMISED, LEASED and LET, and by these presents does GRANT, DEMISE, LEASE and LET exclusively unto the said Lessee, for the purpose of exploring by geophysical and other methods, mining and operating for oil (including but not limited to distillate and condensate) gas (including casinghead gas and helium and all other constituents), and for laying pipelines and building tanks, power stations, and structures thereon, to produce, save, and take care of, treat, process, store and transport said products, all that certain tract of land, together with any reversionary rights therein, situated in the County of Van Buren, State of Arkansas, and described as follows:

. . .

and containing 235.000 acres, more or less. In addition to the land described above, Lessor hereby grants, leases, and lets exclusively unto Lessee, to the same extent as it specifically described herein, all lands owned or claimed by Lessor which are adjacent, contiguous to, or form a part of the lands above particularly described, including all oil, gas, and their constituents underlying lakes, rivers, streams, roads, easements, and right-of-way which traverse or adjoin any of said lands.

1.  This lease, which is a "paid-up" lease requiring no rentals, shall be in force for a primary term of <u>five (5) years</u> from the date hereof, and for as long thereafter as oil or gas, or either of them, is produced form the said land by the Lessee, and as long thereafter as operations, as hereinafter defined, are conducted upon said land with no cessation for more than one hundred eighty days (180) days.

. . .

13.  This lease shall be effective as to each Lessor on execution hereof as to his or her interest and shall be binding on those signing, notwithstanding some of the Lessors above named may not join in the execution hereof. The word Lessor as used in this lease means the party or parties who execute this lease as Lessor although not named above.

14.  Lessee may at any time and from time to time surrender this lease as to any part or parts of the leased premises by delivering or mailing a release thereof to Lessor, or by placing a release of record in the proper County.

. . .

Lease attached at Exhibit 2 to Deft.'s stmt. of facts.

The Addendum states, in relevant part, "Subsequent to the execution of this lease, Lessor agrees to execute and deliver to Lessee any and all documents necessary to perfect title to the land included within this lease." Addendum attached at Exhibit 4 to Deft.'s stmt. of facts, ¶ 10.

The Memorandum states, in pertinent part:

> WHEREAS, James R. Knowlton and Katherine D. Knowlton, Husband and Wife, whose address is: 13200 Willow Beach, N. Littlerock, AR 72117 (hereinafter called Lessor) and David H. Arrington Oil & Gas, Inc. P.O. Box 2071, Midland, Texas 79702 (hereinafter called Lessee) have entered into an Oil and Gas Lease dated April 5th, 2006 (the Lease), and;
>
> WHEREAS, the Lessee and Lessor have mutually agreed not to record the Lease in its entirety in the records of Van Buren County, Arkansas, and instead have agreed to record this Memorandum of Lease;
>
> NOW, THEREFORE, in consideration of the valuable consideration given this date the receipt and sufficiency of which is hereby acknowledged, and of the other terms of the lease, duplicate copies of which have been retained by the parties, Lessor hereby grants, leases, and lets unto the Lessee for the purpose of exploring, drilling, operating for and producing oil and gas from the following described land in Van Buren County, Arkansas:
> . . . and containing 235.000 acres, more or less.
>
> All in accordance with the terms and conditions of the Lease, the Lease shall be effective for a term of five (5) years from the date of the Lease and as long thereafter as oil or gas or other substances covered thereby are produced from said land. Further, the lessee has the right to extend the lease for an additional five (5) year term. Should there be any conflict between this Memorandum of Lease and the Lease herein referred to, then in all cases the Lease shall take precedence. In addition, in the event of a conflict between the terms of the addendum to the said lease and the terms of the printed lease form, the terms of the addendum to said lease shall prevail.
>
> The provisions hereof shall extend to and be binding upon the heirs, successors and legal representatives and assigns of the parties hereto.

> This instrument may be executed in any number of counterparts, each of which shall be deemed an original and shall be binding upon the party or parties so executing, their heirs, successors and assigns, and all of which when taken together constitute but one and the same instrument.
>
> EXECUTED this 18 day of August, 2006.

. . .

Memorandum attached at Exhibit 5 to Deft.'s stmt. of facts.

A Bank Draft also dated August 18, 2006, (the "Draft") in the amount of $172,000 was paid to the order of James R. Knowlton and Katherine D. Knowlton. The Draft provided, in part:

> On approval of lease or mineral deed described hereon, and on approval of title to same by drawee not later than 45 banking days after arrival of this draft at Collecting bank, with the right to Re-Draft.
> . . .
> This draft is drawn to pay for Oil and Gas Lease, dated August 18, 2006 and covering 235.00 net acres and 215.000 gross acres, more or less, being a tract of land in Section 27 Township 43 N Range 14 W, Van Buren County, Arkansas.
>
> The drawer, payee and endorsers hereof, and the grantors of the lease or mineral deed described hereon, do hereby constitute and appoint the collecting bank escrow agent to hold this draft for the first time above specified subject alone to acceptance of payment hereof by drawee, within said time, and without any right of the drawer, payee or endorsers hereof, or said grantors, to recall or demand return of this draft prior to the expiration of the above specified time, and there shall be no liability whatsoever on the collecting bank for refusal to return the same prior to such expiration.
>
> In the event this draft is not paid within said time, the collecting bank shall return the same to forwarding bank and no liability for payment or otherwise shall be attached to any of the parties hereto.

Draft attached at Exhibit 3 to Deft.'s stmt. of facts. The "drawee" is "David H. Arrington Oil & Gas, Inc." and the "collecting bank is "Western National Bank - Oil & Gas Collection

Department" in Midland, Texas.

The Knowltons present a document titled "Collection Receipt/Transferral" that appears to be a deposit ticket signed by Mr. Knowlton on August 21, 2008. Exhibit 8 to Plaintiff's brief in support of response to Defendant's cross motion for summary judgment ("Pltf.'s resp. br.") (Doc. No. 28). The Collection Letter from Western National Bank in Midland, TX demonstrates the draft was received there on October 9, 2008. Collection Letter attached at Exhibit 3 to Deft.'s stmt. of facts, 2. The Draft was returned as unpaid on the forty-fifth (45) banking day from that date, December 16, 2006. The Draft attached at Exhibit 3 to Deft.'s stmt. of facts.

The Knowltons filed their complaint on June 24, 2009, claiming Arrington breached the lease when it did not honor the draft. They also bring claims for fraud, unjust enrichment, promissory estoppel, and punitive damages. Arrington argues that: (1) the lease had multiple conditions precedent that were not met, so no contract was formed between the Knowltons and Arrington; (2) Arrington properly exercised its right to review the Knowltons' title and to subsequently deny the draft on the basis of title problems; and (3) the Knowltons relinquished their claims in exchange for their release from the lease, which Arrington granted in January 2009. In response, the Knowltons argue that they held clear title to the tracts at issue and Arrington never communicated any specific title problems before dishonoring the draft. Further, the Knowltons maintain they neither sought nor received a release from Arrington.

## II. SUMMARY JUDGMENT STANDARD

"Summary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law." *Christoffersen v. Yellow Book U.S.A.,* 536 F.3d 947, 949 (8th Cir. 2008)(citing Fed. R. Civ.56; Pope v. ESA Servs., Inc., 406 F.3d 1001, 1006 (8th Cir. 2005))

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Id*.

Once the moving party demonstrates that the record does not disclose a genuine dispute on a material fact, the non-moving party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). The plain language of Rule 56(c) mandates the entry of summary judgment against a non-moving party which, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to its case, and on which that party will bear the burden

of proof at trial. *Celotex Corp.*, 477 U.S. at 322. Further, "[t]he nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy." *Mann v. Yarnell,* 497 F.3d 822, 825 (8th Cir. 2007)(international citation and quotation marks omitted).

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1985). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine . . ." *RSBI Aerospace, Inc., v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248.

### III. DISCUSSION

A. <u>Contract Formation</u>

Pursuant to the analysis in *Whistle v. David H. Arrington Oil*, Case No. 2:08-CV-00037-BSM (June 1, 2009) (Doc. No. 48), the draft placed only one condition precedent, title approval by Arrington, on the formation of a contract. Even though Arrington maintains additional conditions precedent existed, and the Knowltons assert Arrington should have communicated any purported title defects beforehand and given them a chance to cure, none of these arguments matter in light of *Whistle*. If Arrington disapproved of the Knowltons'

7

title in good faith, then no contract was formed. While it was undisputed that the *Whistle* plaintiffs held clear title to their land, the Knowltons' title ownership is disputed, so it must be determined if Arrington disapproved of title in good faith.

B.     The Knowltons' Title

*1. Timely disapproval of title*

Summary judgment is denied on this point because it is clear from the record that a fact issue remains as to whether Arrington disapproved the Knowltons' title within the time set forth in the draft. The Knowltons argue they submitted the draft for payment on August 21, 2008, citing Mr. Knowlton's deposit ticket from that day. They argue, then, that under the forty five (45) day limit imposed by the draft, Arrington had until sometime in October to disapprove title. Because the draft is clearly stamped as unpaid on December 16, 2008, the Knowltons maintain Arrington missed the deadline. While the Knowltons admit they remitted the draft a second time in October, they maintain Arrington still missed its deadline created by the first remittance.

Arrington maintains, on the other hand, that the draft was submitted originally in October, not August, and their deadline to disapprove title was instead in December. Arrington also explains that even if the Knowltons deposited the draft in August, it is undisputed that it did not arrive at the collecting bank until October 9, 2008. Arrington points to the clear language of the draft, which states that title must be approved "not later than 45 banking days after arrival of this draft at Collecting bank, with the right to Re-Draft."

Draft attached at Exhibit 3 to Deft.'s stmt. of facts.

### *2. Title problems*

Summary judgment is denied on this point because it is unclear whether the Knowltons had title problems that would give Arrington a good faith reason to disapprove their title and dishonor the draft. Arrington argues that it obtained title reports from its landman on October 14, 2008 that revealed gaps in the chain of title on the Knowltons' land. *See* Title Report attached at Exhibit 10 to Deft.'s stmt. of facts. Arrington asserts that these reports caused it to wait to disapprove title and to dishonor the draft. In response, the Knowltons argue Arrington never expressed these concerns in 2008 and they argue that Arrington should not be allowed to "create" title problems now in order to justify dishonoring the draft.

### *3. Good or Bad Faith*

The Knowltons have also submitted evidence that even if Arrington disapproved the Knowltons' title in a timely manner and even if the Knowltons did not hold clear title, Arrington may not have disapproved their title in good faith. The marketability of the Knowltons' title is not the key issue. The issue is whether Arrington acted in good faith when it disapproved of the Knowltons' title. *See Trenthem v. David H. Arrington Oil & Gas, Inc.* (Case No. 1:09-CV-00017-JLH) (Doc. No. 36). There is a genuine issue of material fact in dispute as to whether Arrington acted in good faith when it disapproved of Knowltons' title. Therefore, summary judgment is inappropriate on this basis.

C.  The Release

Arrington submits an affidavit of Robert White, an independent petroleum landman that Arrington retained as a "title coordinator and examiner." Affidavit of Robert T. White, attached at Exhibit 16 to Deft.'s stmt. of facts, ¶ 2. On October 14, 2008, he obtained a title report on the tracts contained in the Knowltons' lease with Arrington. White aff., ¶ 3; Title Report attached at Exhibit 10 to Deft.'s stmt. of facts. White claims that he called Mr. Knowlton on December 15, 2006 to advise him that based on the title report, title difficulties existed, and the draft would not be paid. White aff., ¶ 4. He claims that after they discussed pursuing partial approval of some of the tracts, Knowlton called him back on January 26, 2009 to express his willingness to "take a release of the previously offered oil and gas lease from Arrington and go about his business." White aff., ¶ 5. White claims he accepted the offer and informed Knowlton he would record a release. *Id*. A Release of Oil and Gas Lease (the "Release"), dated November 21, 2008 and executed by Arrington's attorney-in-fact, Monty W. Kastner, is stamped with an electronic certificate of record at 2:27:09 PM on January 26, 2009. Release attached at Exhibit 13 to Deft.'s stmt. of facts.

Mr. Knowlton states in his deposition, however, that he never spoke with anyone associated with Arrington after he spoke with White on December 15, 2008. Deposition of James R. Knowlton attached at Exhibit 8 to Plaintiffs' memorandum brief in support of response to defendant's motion for summary judgment (Doc. No. 28), 52-53. He also states that he has never seen the Release and was not aware that it was filed. *Id*. at 53. Arrington

acknowledges that Mr. Knowlton's testimony creates a genuine issue of material fact. Therefore, summary judgment on this basis would also not be appropriate.

## IV. CONCLUSION

Accordingly, the Knowltons' motion for partial summary judgment (Doc. Nos. 11, 36) and Arrington's motion for summary judgment (Doc. No. 21) are both denied.

IT IS SO ORDERED THIS 9th day of August, 2010.

                                              UNITED STATES DISTRICT JUDGE